UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASHREF KAROUSH | : | |
| | : | |
| Plaintiff, | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| WASTE MANAGEMENT OF | : | |
| FAIRLESS, LLC | : | No.  22-1166 |
| | : | |
| Defendants | : | |

## SECOND AMENDED CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, ASHREF KAROUSH (hereinafter "Plaintiff") is an adult individual residing at the above address. Plaintiff is a citizen of Pennsylvania.

2. Defendant, WASTE MANAGEMENT OF FAIRLESS, LLC (hereinafter "Defendant") is a limited liability company organized and existing under the laws of the State of Delaware.  Defendant is a citizen of Delaware.

3. Upon information and belief, the members of Defendant, Waste Management of Fairless, LLC are citizens of Delaware.

4. At all times material hereto, Defendant employed Plaintiff at its 350 Pennsbury Memorial Road, Morrisville, Pennsylvania location as set forth above and qualified as Plaintiff's employer under the Pennsylvania Human Relations Act ("PHRA").

5. Plaintiff exhausted his administrative remedies pursuant to the Pennsylvania Human Relations Act and the Equal Employment Act.  (See Exhibit A, a true and correct copy of a dismissal and notice of rights issued by the Pennsylvania Human Relations Commission.)

6. This action is instituted pursuant to the Title VII, the Pennsylvania Human Relations Act and applicable federal and state law.

7. This Honorable Court has federal question jurisdiction over this lawsuit.

8. Venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendant in the Eastern District of Pennsylvania (Bucks County) at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

9. Plaintiff is an Arab-American, Muslim male.

10. On or about February 11, 2019, Defendant hired Plaintiff as a Heavy Equipment Diesel Mechanic.

11. At all times material, Plaintiff was qualified for his position and performed his job duties to Defendant's satisfaction without complaint or issue.

12. Beginning upon his hire, Plaintiff was assigned to work the night shift under the division of Defendant's senior mechanic, Jerry.

13. On several occasions, Plaintiff overheard Jerry express dislike for a former employee, who was also an Arab-American, Muslim male.

14. Plaintiff additionally heard Jerry make derogatory statements regarding the prayer rituals of Muslims, including statements that he observed Muslims "bumping the ground."

15. In or about late July of 2019, Plaintiff was assigned to perform repairs to a company truck used by Jerry.

16. On or about July 25, 2019, Plaintiff completed the repairs to Jerry's truck.

17. Said truck was then driven without complaint or issue from July 25, 2019 through to September 5, 2019.

18.     On or about September 5, 2019, Plaintiff was advised by Defendant's foreman, Harry Chapman, that Plaintiff's employment was being terminated for allegedly failing to properly complete the repairs to Jerry's truck.

19.     Mr. Chapman advised that Plaintiff's termination was based on verbal complaints made by Jerry regarding the repairs to the truck.

20.     Plaintiff requested specific details or proof of his alleged wrongdoing, which Mr. Chapman declined to provide.

21.      As a direct and proximate result of Defendant's conduct in terminating Plaintiff, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, pain and suffering and other damages as set forth below.

**III.  Causes of Action.**

**COUNT I – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**(43 P.S. § 955)**

22.     Plaintiff incorporates paragraphs 1-21 as if fully set forth at length herein.

23.     At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,, an employer may not discriminate against an employee based on race or religion.

24.     Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

25.     Defendant is an "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

26. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of his race and religion and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

27. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as personal injury, emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

28. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorneys fees and court costs.

## COUNT II - VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## EMPLOYMENT DISCRIMINATION
## (42 U.S.C.A. § 2000e-2(a))

29. Plaintiff incorporates paragraphs 1-28 as if fully set forth at length herein.

30. Defendant took adverse action against Plaintiff by terminating his employment.

31. Plaintiff's religion places him in a protected class.

32. Plaintiff's national origin and race places him in a protected class.

33. Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to terminate his employment.

34. Plaintiff suffered disparate treatment by Defendant, as set forth above.

35. As such, Defendant's decision to terminate Plaintiff's employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

36. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

37. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

38. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq Plaintiff demands attorneys fees and court costs.

## IV. Relief Requested.

**WHEREFORE,** Plaintiff ASHREF KAROUSH demands judgment in his favor and against Defendant, WASTE MANAGEMENT OF FAIRLESS, LLC in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

                                      **LAW OFFICES OF ERIC A. SHORE, P.C.**

                                BY:  s/ Graham F. Baird
                                      **GRAHAM F. BAIRD, ESQUIRE**
                                       Two Penn Center
                                       1500 JFK Boulevard,  Suite 1240
                                       Philadelphia, PA 19102
                                      Attorney for Plaintiff, Ashref Karoush

Date:  7/14/2022